UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRACEY HARTZOG,

                        Plaintiff,

v.                                                Civil Action No. _____

MERCANTILE ADJUSTMENT
BUREAU, LLC,

                        Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Tracey Hartzog is a natural person residing in the County of Monroe and the State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Mercantile Adjustment Bureau, LLC, (hereinafter "Mercantile") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

1

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt to Time Warner Cable Inc. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant Mercantile was then employed by the account holder to collect on the subject debt.

13. That in or about late November of 2008, Defendant began calling Plaintiff at her home multiple times per week and often multiple times per day, using live and/or automated dialers in an attempt to collect the subject debt.

14. That the first time Defendant called, Plaintiff informed Defendant that she had already made arrangements with Time Warner regarding the bill. The caller immediately hung up on her.

15. That on multiple occasions thereafter, Defendant hung up the telephone in the middle of telephone conversations with Plaintiff.

16. That during approximately the fourth telephone call that Plaintiff spoke with Defendant, Plaintiff requested that Defendant stop calling her by telephone. Plaintiff repeated that request on multiple occasions thereafter.

17. That Defendant would leave voice messages on Plaintiff's home answering machine instructing Plaintiff to call the telephone number provided within a specified time frame. These messages did not disclose that the caller was a debt collector.

18. That in accordance with Defendant Mercantile's instructions, Plaintiff would call said telephone number under the belief that it was an urgent business call. Upon speaking with said Defendant, she would then discover that Defendant was in fact calling in an attempt to collect the subject debt.

19. That Plaintiff subsequently notified Defendant that she was planning on paying the debt, but needed some time because she was on SSI. To this Defendant replied that they would call her every day. Plaintiff replied by asking that they not call her anymore. Defendant replied that they would call whenever they wanted to until the subject debt is paid in full.

20. That on several occasions Plaintiff would attempt to reason and plead with Defendant by explaining that she truly could not afford to make any payments on the subject debt given her financial situation. However, Defendant would insinuate that she was lying or exaggerating about her financial situation and would demand that she make payment on the subject debt. On other occasions, Defendant would disconnect Plaintiff's telephone calls rather than listening to her.

21. That during many of Plaintiff's telephone discussions with Defendant, Defendant would begin to shout at Plaintiff and usually end up hanging up the telephone on her.

22. That Plaintiff mailed Defendant a letter that they cease and desist from any further telephone calls to her.

23. That Defendant called Plaintiff two times after they received that letter.

24. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

25. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

26. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692c(a)(1), 15 U.S.C. §1692d, 15 U.S.C. §1692d(2), and 15 U.S.C. §1692e(5) by hanging up on the Plaintiff repeatedly, calling her after she requested that they stop calling her, by implying that she was lying, and by threatening to continue to call her after she requested that they stop.

    B. Defendant violated 15 U.S.C. §1692e(11) by failing to disclose in each communication with Plaintiff that they were a debt collector and/or that they were attempting to collect a debt.

27. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 13, 2009

/s/ Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
       ajordan@kennethhiller.com